**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-11403

DAVID OBIE DARBY,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(4:97-CV-210-A)

March 9, 1999

Before DAVIS, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

David Obie Darby ("Darby"), Texas prisoner #720989, appeals the denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.

## I. FACTS

Darby was convicted by a jury of indecency with a child and

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

sentenced to 30 years of imprisonment by a Texas court. The prosecutor adduced evidence at trial that Darby, using a false name, posed as a professional photographer and molested a 13-year-old girl during a photography session at her home. Darby's theory of the case was that, although he adjusted the complainant's clothing during the photography session, he had no sexual contact with her. Darby's conviction was affirmed on direct appeal. *See Darby v. State,* 922 S.W.2d 614 (Tex.App.-Fort Worth, 1996, pet. ref'd). Darby requested and was denied habeas relief in Texas state courts.

## II. PROCEDURAL HISTORY AND STANDARD OF REVIEW

Darby filed his federal habeas application on March 31, 1997, and therefore the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amendments to § 2254 apply to Darby's petition. Pure questions of law are reviewed under the "contrary to" standard; mixed questions of law and fact are reviewed under the "unreasonable application" standard. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). The application of law to facts is "unreasonable" only when all reasonable jurists considering the question would view the state court ruling as incorrect. *Id*. at 768-69. Habeas relief is thus appropriate only when "a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists." *Id.* at 769.

The district court denied habeas corpus relief and denied Darby a certificate of appealability ("COA"). Darby sought a COA

from this court, contending, *inter alia,* that his trial counsel was ineffective for failing to maintain his law license, failing to investigate the case, failing to interview an eyewitness, and failing to move for suppression of evidence. Darby also argues that he was entitled to an evidentiary hearing on his claim of prosecutorial misconduct. We granted Darby a COA as to these issues.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To obtain relief based upon ineffective assistance of counsel, a defendant must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficiency a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To demonstrate prejudice a defendant must show that his counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993).

A. Failure to maintain law license

We find no merit in Darby's contention that his counsel was ineffective for failing to maintain his law license. Taking judicial notice of the public records of the State Bar of Texas, we note that trial counsel was fully licensed to practice law in Texas courts at all times relevant to his representation of Darby in this matter.

3

B.  Lack of investigation; failure to interview witnesses

Darby asserts that his trial counsel failed to investigate the case and failed to interview witnesses regarding Darby's defense. To prevail on a failure-to-investigate claim, Darby must allege with specificity what the investigation would have revealed and how it would have benefitted him. *See United States v. Green*, 882 F.2d 999,1003 (5th Cir. 1989)(§ 2255 case). An ineffective assistance of counsel claim based on speculation or conclusional rhetoric will not warrant habeas relief. *See Lincecum v. Collins*, 958 F.2d 1271, 1279-80 (5th Cir. 1992).

Darby identifies only one witness, Tamara Young, whom trial counsel failed to contact. To support this claim, Darby submitted two letters and an affidavit from Edward T. Gersbach, who served as the defense investigator prior to and during Darby's trial. Gersbach states that he is not aware of defense counsel personally interviewing witness Young prior to trial. However, Gersbach interviewed Young on two occasions and the interviews were recorded. During those interviews Young stated that she was present at the complainant's house when a man, whose description matched Darby's, was also present and "he never touched her [the complainant]." Young also stated that she overheard complainant's mother state that she was going to "get even" with Darby. According to Gersbach, defense counsel was aware of the contents of those tapes and made the decision to play the tapes for the prosecutor prior to trial in an effort to persuade him to drop the charges. Further, defense counsel called Young to testify for the

4

defense during trial.

We agree with the district court's conclusion that, under the totality of circumstances, trial counsel was not ineffective in failing to interview witnesses or investigate the case. *See Lovett v. State of Florida*, 627 F.2d 706, 708 (5th Cir. 1980).

C.  Failure to move for suppression of evidence

Darby asserts that counsel was ineffective for failing to file a motion to suppress a magazine found during a search of Darby's home which depicted adult females without clothes in sexually suggestive poses.  Having reviewed the briefs and the record, we perceive no basis for suppressing the evidence.  Trial counsel's failure to assert a meritless motion cannot be grounds for a finding of deficient performance.  *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

## IV. HEARING ON PROSECUTORIAL MISCONDUCT

Darby asserts that the prosecutor in this case intimidated defense witness Tamara Young, preventing her from testifying that Darby was innocent of the charged offense and that neither the state nor the federal district court gave him a hearing to determine the truth of this allegation. Under Rule 8 of § 2254 Rules, district courts are required to determine whether an evidentiary hearing is necessary.  "[A] hearing [is not] required when the record is complete or the petitioner raises only legal claims that can be resolved without the taking of additional evidence." *Lavernia v. Lynaugh*,845 F.2d 493, 501 (5th Cir. 1988).

Darby's claims regarding the prosecutor's contact with Young

5

were developed in affidavits submitted to the state trial court in Darby's Motion for New Trial. In his direct appeal in state court, Darby contended that the trial court abused its discretion by denying Darby's motion for new trial without conducting a hearing. The Texas appellate court reviewed the record and specifically found that the allegations of the motion for new trial were determinable by the trial court from the record, and held that the trial court did not abuse its discretion in denying Darby's motion for new trial without a hearing and overruled Darby's point of error concerning the lack of hearing. *See Darby v. State*, 922 S.W.2d at 626.

The district court examined the allegations and affidavits in the record and found that the prosecutor's contact with Young did not violate Darby's constitutional rights. It was not error for the district court to make that determination without conducting an evidentiary hearing. *See Wiley v. Puckett*, 969 F.2d 86, 98 (5th Cir. 1992)(A hearing is not necessary if the record is adequate to dispose of the claim.)

## V. CONCLUSION

Based on the foregoing, we AFFIRM the denial of Darby's petition for writ of habeas corpus.

AFFIRMED.